**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JVC KENWOOD Corp. and JVCKENWOOD USA Corp.,<br><br>　　　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendants JVC KENWOOD Corp. and JVCKENWOOD USA Corp. (collectively, "the JVC Defendants"), hereby alleges as follows:

**The Parties**

1. Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 2001 Route 46, Waterview Plaza, Suite 310, Parsippany, NJ 07054.

2. Upon information and belief, defendant JVC KENWOOD Corporation is a corporation organized and existing under the laws of Japan with its principal place of business in Yokohama, Kanagawa, Japan. JVC KENWOOD Corporation is in the business of researching, designing, developing, manufacturing, and selling consumer and automotive electronics for importation into the United States. Such consumer and automotive electronics include but are not limited to, home theater projectors, car entertainment systems, and digital imaging devices such as camcorders and live streaming cameras.

3.      Upon information and belief, defendant JVCKENWOOD USA Corporation is a corporation organized under the laws of California, having a principal place of business in Long Beach, CA.  JVCKENWOOD USA Corporation has appointed CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California as its registered agent for service of process.  JVCKENWOOD USA Corporation is in the business of importing, marketing, and selling consumer and automotive electronics in the United States.  Such consumer and automotive electronics include but are not limited to, home theater projectors, car entertainment systems, and digital imaging devices such as camcorders and live streaming cameras.  JVCKENWOOD USA Corporation is a wholly owned subsidiary of JVC KENWOOD Corporation.

**Nature Of The Action**

4.      This is a civil action for infringement of U.S. Patent Nos. 5,986,347 ("the '347 patent") (attached as Exhibit A), 6,147,405 ("the '405 patent") (attached as Exhibit B), 6,358,801 ("the '801 patent") (attached as Exhibit C), 6,455,935 ("the '935 patent") (attached as Exhibit D), and 6,828,683 ("the '683 patent") (attached as Exhibit E) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Jurisdiction And Venue**

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patents laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.      This Court has personal jurisdiction over the JVC Defendants because, among other things, the JVC Defendants have committed, aided, abetted, contributed to, and/or

participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock.

7. This Court also has personal jurisdiction over the JVC Defendants because, among other things, the JVC Defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the JVC Defendants will not offend traditional notions of fair play and substantial justice. For example, the JVC Defendants have placed products that practice and/or embody the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, the JVC Defendants have sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents-in-Suit. The JVC Defendants derive substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because the JVC Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

### The Patents-In-Suit

9. United States Patent No. 5,986,347 ("the '347 patent"), titled "Processing Methods of Forming Contact Opening and Integrated Circuitry," was duly and legally issued by the United States Patent and Trademark Office on November 16, 1999. A copy of the '347 patent is attached hereto as Exhibit A. Round Rock is the assignee of all rights, title, and interest

in the '347 patent, and it possesses all rights to sue and recover for any current or past infringement of the '347 patent.

10. United States Patent No. 6,147,405 ("the '405 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide and Method of Forming the Same," was duly and legally issued by the United States Patent and Trademark Office on November 14, 2000. A copy of the '405 patent is attached hereto as Exhibit B. Round Rock is the assignee of all rights, title, and interest in the '405 patent, and it possesses all rights to sue and recover for any current or past infringement of the '405 patent.

11. United States Patent No. 6,358,801 ("the '801 patent"), titled "Method and Apparatus for Trench Isolation Process with Pad Gate and Trench Edge Spacer Elimination," was duly and legally issued by the United States Patent and Trademark Office on March 19, 2002. A copy of the '801 patent is attached hereto as Exhibit C. Round Rock is the assignee of all rights, title, and interest in the '801 patent, and it possesses all rights to sue and recover for any current or past infringement of the '801 patent.

12. United States Patent No. 6,455,935 ("the '935 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide," was duly and legally issued by the United States Patent and Trademark Office on September 24, 2002. A copy of the '935 patent is attached hereto as Exhibit D. Round Rock is the assignee of all rights, title, and interest in the '935 patent, and it possesses all rights to sue and recover for any current or past infringement of the '935 patent.

13. United States Patent No. 6,828,683 ("the '683 patent"), titled "Semiconductor Devices, and Semiconductor Processing Methods," was duly and legally issued by the United States Patent and Trademark Office on December 7, 2004. A copy of the '683 patent is attached hereto as Exhibit E. Round Rock is the assignee of all rights, title, and interest in the '683

patent, and it possesses all rights to sue and recover for any current or past infringement of the '683 patent.

## COUNT I

### Infringement of U.S. Patent No. 5,986,347

14. Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15. The '347 patent is valid and enforceable.

16. The JVC Defendants, have infringed, and continue to infringe, one or more claims of the '347 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all JVC products containing the Falconbrid processor (also known as "JCY0246") and all JVC products containing the Ambarella A7L processor (also known as the image processor containing the die marking "Ambarella A7L-B1-RH"). Those products include but are not limited to the Everio and Adixxion lines of JVC camcorders.

17. The JVC Defendants have had knowledge of '347 patent and their infringement of that patent since at least August 19, 2013 through a letter sent by Round Rock concerning that infringement.

18. The JVC Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 5, and/or 6 of the '347 patent.

19. Round Rock has been and continues to be damaged by the JVC Defendants' infringement of the '347 patent.

20. The JVC Defendants have willfully infringed, and continue to willfully infringe, the '347 patent despite having knowledge of the '347 patent at least through Round Rock's August 19, 2013 letter concerning their infringement.

21. The JVC Defendants' conduct in infringing the '347 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 6,147,405

22. Paragraphs 1 through 21 are incorporated by reference as if fully stated herein.

23. The '405 patent is valid and enforceable.

24. The JVC Defendants have infringed, and continue to infringe, one or more claims of the '405 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all JVC products containing the Falconbrid processor (also known as the image processor bearing the die marking "JCY0246") and all JVC products containing the Ambarella A7L processor (also known as the image processor containing the die marking "Ambarella A7L-B1-RH"). Those products include but are not limited to the Everio and Adixxion lines of JVC camcorders.

25. The JVC Defendants have had knowledge of '405 patent and their infringement of that patent since at least July 5, 2012 through a letter sent by Round Rock concerning that infringement.

26. The JVC Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 6, 7, 8, 9, 10 and/or 12 of the '405 patent.

27. Round Rock has been and continues to be damaged by the JVC Defendants' infringement of the '405 patent.

28. The JVC Defendants have willfully infringed, and continue to willfully infringe, the '405 patent despite having knowledge of the '405 patent at least through Round Rock's July 5, 2012 and August 19, 2013 letters concerning their infringement and the September 12, 2012 presentation concerning that infringement.

29. The JVC Defendants' conduct in infringing the '405 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement of U.S. Patent No. 6,358,801

30. Paragraphs 1 through 29 are incorporated by reference as if fully stated herein.

31. The '801 patent is valid and enforceable.

32. The JVC Defendants have infringed, and continue to infringe, one or more claims of the '801 patent under 35 U.S.C. § 271(a) and/or 271(g), either literally and/or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing into the United States, products made by a process described in those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all JVC products containing the Falconbrid processor (also known as "JCY0246") and all JVC products containing the Ambarella A7L processor (also known as the image processor containing the die marking "Ambarella A7L-B1-RH"). Those products include but are not limited to the Everio and Adixxion lines of JVC camcorders.

33. Round Rock has been and continues to be damaged by the JVC Defendants' infringement of the '801 patent.

34. The JVC Defendants have infringed, and continue to infringe, at least claims 1 and/or 2 of the '801 patent.

35. The JVC Defendants' conduct in infringing the '801 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement of U.S. Patent No. 6,455,935

36. Paragraphs 1 through 35 are incorporated by reference as if fully stated herein.

37. The '935 patent is valid and enforceable.

38. The JVC Defendants have infringed, and continue to infringe, one or more claims of the '935 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all JVC products containing the Falconbrid processor (also known as "JCY0246") and all JVC products containing the Ambarella A7L processor (also known as the image processor containing the die marking "Ambarella A7L-B1-RH"). Those products include but are not limited to the Everio and Adixxion lines of JVC camcorders.

39. The JVC Defendants have had knowledge of '935 patent and their infringement of that patent since at least July 5, 2012 through a letter sent by Round Rock concerning that infringement.

40. The JVC Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 6, 8, 9, and/or 10 of the '935 patent.

41. Round Rock has been and continues to be damaged by the JVC Defendants' infringement of the '935 patent.

42. The JVC Defendants have willfully infringed, and continue to willfully infringe, the '935 patent despite having knowledge of the '935 patent at least through Round Rock's July 5, 2012 and August 19, 2013 letters concerning their infringement.

43. The JVC Defendants' conduct in infringing the '935 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. 6,828,683

44. Paragraphs 1 through 43 are incorporated by reference as if fully stated herein.

45. The '683 patent is valid and enforceable.

46. The JVC Defendants have infringed, and continue to infringe, one or more claims of the '683 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all JVC products containing the Falconbrid processor (also known as "JCY0246") and all JVC products containing the Ambarella A7L processor (also known as the image processor containing the die marking "Ambarella A7L-B1-RH"). Those products include but are not limited to the Everio and Adixxion lines of JVC camcorders.

47. The JVC Defendants have had knowledge of '683 patent and their infringement of that patent since at least August 19, 2013 through a letter sent by Round Rock concerning that infringement.

48.     The JVC Defendants have infringed, and continue to infringe, at least claims 27, 28, 30, 32, 33, 34, and/or 35 of the '683 patent.

49.     Round Rock has been and continues to be damaged by the JVC Defendants' infringement of the '683 patent.

50.     The JVC Defendants have willfully infringed, and continue to willfully infringe, the '683 patent despite having knowledge of the '683 patent at least through Round Rock's August 19, 2013 letter concerning their infringement.

51.     The JVC Defendants' conduct in infringing the '683 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **Prayer For Relief**

WHEREFORE, Round Rock prays for judgment as follows:

A.     That the JVC Defendants have infringed each of the Patents-in-Suit;

B.     That the JVC Defendants have willfully infringed each of the '347, '405, '801, '935, and '683 patents;

B.     That Round Rock be awarded all damages adequate to compensate it for the JVC defendants' infringement of the Patents-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

C.     That this case by declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

10

    D.    That Round Rock be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

Dated: December 3, 2014

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Paul A. Bondor
Lauren M. Nowierski
Elizabeth Kimmel
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
pbondor@desmaraisllp.com
lnowierski@desmaraisllp.com
ekimmel@desmaraisllp.com